

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### No. AP-75,507

### Ex parte BENJAMIN MICHAEL HIGHT, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W03-34356-U(A) IN THE 291ˢᵗ JUDICIAL DISTRICT COURT
### DALLAS COUNTY

*Per curiam.*

This is an application for writ of habeas corpus filed pursuant to the provisions of Article

11.07 of the Texas Code of Criminal Procedure.

On January 15, 2004, the applicant was convicted, pursuant to a plea of guilty, of

solicitation of a minor with intent to commit sexual assault.[1] The applicant did not file a direct

appeal. In December 2005, he filed an application for writ of habeas corpus alleging that his plea

was involuntary because he was not advised that he would be required to register as a sex

---

[1]TEX. PENAL CODE ANN. sec. 15.031 (Vernon 2003).

offender. The trial court entered a finding of fact that the applicant's plea was involuntary and recommended that the requested relief be granted.

We asked the parties to brief whether this case is distinguishable from *Mitschke v. State*[2] and *Anderson v. State*[3] in which we found that failure to admonish as to sex offender registration requirements was harmless error. The facts of this case are very different from both *Mitschke* and *Anderson*. First, both *Mitschke* and *Anderson* involved a direct appeal while this case is a writ. Second, in both cases the record contained clear evidence that the defendants already knew of the sex offender requirement, making the failure to admonish harmless error. There is no such evidence in this case.[4] Lastly, *Mitschke* did not claim that his plea was involuntary, he complained only that he did not receive the required admonishment.

Although we held in *Mitschke* that a failure to admonish does not necessarily render a plea involuntary, it *could* render a plea involuntary when there is no showing that the defendant had knowledge of the consequences of his plea. Whether the applicant had knowledge of the sex offender registration requirement is a question of fact. The trial court has made findings of fact that the applicant's plea was involuntary. We agree with the finding of the trial court and therefore set aside the guilty plea. We remand the applicant to the custody of the Sheriff of Dallas County to answer the charges against him.

Filed: February 6, 2008.
Do not publish.

---

[2] 129 S.W.3d 130 (Tex. Crim. App. 2004).

[3] 182 S.W.3d 914 (Tex. Crim. App. 2006).

[4] The State contends that the applicant was aware of the sex offender registration requirements because he submitted a request to be exempted from them on February 9, 2004. Although this is evidence that the applicant was aware of the requirement on February 9, 2004, it does not prove that he was aware of the requirement at his guilty plea weeks earlier.